```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

```
SEAN BURKE,                        )
                                   )
     Plaintiff,                    )
                                   )
v.                                 )     No. 11-2633
                                   )
REGIONS BANK D/B/A REGIONS         )
MORTGAGE, and FEDERAL NATIONAL     )
MORTGAGE ASSOCIATION,              )
                                   )
     Defendants.                   )
```

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Sean Burke ("Burke") brings suit against Regions Bank ("Regions") and Federal National Mortgage Association ("FNMA"), (collectively, "Defendants") to restrict and prohibit foreclosure, to order accounting on loans, and for monetary damages, legal, and equitable relief. (Complaint, ECF No. 1-2.) Burke initially filed his Complaint in the Chancery Court of Shelby County on May 2, 2011. Defendants timely removed the action to this Court on July 28, 2011. (Notice of Removal, ECF No. 1.) On April 18, 2012 Defendants filed a Motion for Summary Judgment. (ECF No. 11.) On October 25, 2012, the Court issued an Order to Show Cause why Defendants' Motion for Summary Judgment should not be granted. (ECF No. 14.) Burke has not responded.

For the following reasons, Defendants' Motion for Summary Judgment is GRANTED.

**I. Background**

On November 10, 1998, Audrea Y. Tillman ("Tillman") executed a Note in favor of Regions' predecessor by merger, Union Planters Bank ("Union Planters"), for the property in question, 4069 Sandburg Street, Memphis, Tennessee, 38128. (Def.'s Statement of Undisputed Facts at ¶ 1, ECF No. 11-2.) Tillman secured the Note with a Deed of Trust conveying the property to trustees Emmett James House and Bill R. McLaughlin (the "Trustees"). (Id. at ¶ 2.)

The Note and Deed of Trust require Tillman to pay the full amount of each monthly payment on time or to be in default and be subject to immediate acceleration of all outstanding principal and interest on the Note. (Id. at ¶ 5, 7.) Both instruments include due on sale clauses that allow the lender to immediately accelerate the entire amount of the loan if Tillman sells or conveys the property without the lender's prior written approval. (Id. at ¶ 6, 11.) If the due on sale clause is invoked and the borrower does not pay all money due on the Note, the lender is entitled to foreclose on the property. (Id. at ¶ 6.)

Burke is not a party to the Note or the Deed of Trust. (Id. at ¶ 4.) On November 3, 2009, Tillman conveyed her right,

2

title, and interest in the property to Burke by quitclaim deed. (Id. at ¶ 12.) Tillman did not obtain prior permission from Regions. (Id.) Tillman continued to make the required monthly payments on the Note until May 28, 2010. (Id. at ¶ 13-14.) On September 16, 2010, Regions sent Tillman a written notice of her default and its right to foreclose as permitted by the Deed of Trust. (Id. at ¶ 9, 15.) Beginning on February 21, 2011, Regions published notice of the foreclosure sale for three consecutive weeks in The Daily News, a newspaper of record in Memphis, Tennessee. (Id. at ¶ 19.) The property was purchased by Regions, the highest bidder, at the advertised foreclosure sale on March 14, 2011. (Id. at ¶ 20-21.)

## II. Jurisdiction

Jurisdiction in this Court is proper under 28 U.S.C § 1332. The parties are completely diverse and the amount in controversy, exclusive of interests and costs, exceeds $75,000.

## III. Standard of Review

Under Federal Rule of Civil Procedure 56, on motion of a party, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by pointing out to the court that the non-moving party, having had sufficient opportunity for discovery, has no evidence to support

3

an essential element of his case. See Fed. R. Civ. P. 56(c)(1); Asbury v. Teodosio, 412 F. Appx. 786, 791 (6th Cir. 2011) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

When confronted with a properly supported motion for summary judgment, the non-moving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). A genuine dispute for trial exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Wasek v. Arrow Energy Servs., 682 F.3d 463, 467 (6th Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The non-moving party must "'do more than simply show that there is some metaphysical doubt as to the material facts.'" Phelps v. State Farm Mut. Auto. Ins. Co., 680 F.3d 725, 735 (6th Cir. 2012) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). A party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Beckett v. Ford, 384 Fed. Appx. 435, 443 (6th Cir. 2010) (citing Celotex Corp., 477 U.S. at 324). Instead, the non-moving party "must adduce concrete evidence on which a reasonable juror could return a verdict in his favor." Stalbosky v. Belew, 205 F.3d 890, 895 (6th Cir. 2000) (citations omitted); see Fed. R. Civ. P. 56(c)(1). The court does not have the duty to search the record for such evidence. See Fed. R. Civ. P. 56(c)(3);

InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989). The non-moving party has the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in his favor. See Fed. R. Civ. P. 56(c)(1); InterRoyal Corp., 889 F.2d at 111.

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (internal quotation marks and citations omitted).

The local rules of this district set out specific requirements that must be met by the non-moving party. The party opposing summary judgment must respond to each fact set forth by the moving party by agreeing that it is undisputed, agreeing that it is undisputed for purposes of ruling on the summary judgment motion only, or by demonstrating that the fact is disputed. W.D. Tenn. L.R. 56.1 (b). The non-moving party must make specific citations to the record to support each contention that a particular fact is in dispute. Id. The non-moving party's failure to respond as required to the moving party's statement of material facts "shall indicate that the asserted facts are not disputed for purposes of summary

5

judgment." W.D. Tenn. L.R. 56.1(d). Plaintiff has failed to respond in any manner to Defendants' Motion for Summary Judgment. Therefore, Defendants' statements of material fact are accepted as true for purposes of ruling on their motion.

**IV. Analysis**

Burke claims that he is entitled to compensatory and injunctive relief for violation of his rights under the Tennessee common law of contracts, the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, et seq. ("TCPA"), and the Due Process Clause of the Fourteenth Amendment. Defendants are entitled to summary judgment on all claims in Burke's Complaint because he lacks standing to bring any claims on the contract or under the TCPA and because there was no state action upon which a Due Process claim could be based.

**A. FNMA**

Burke does not allege any "specific act of wrongdoing" against FNMA, and claims only that it is "the beneficiar[y] of the misconduct of defendant Regions." (Compl. ¶ 2.) Burke has not alleged any facts that can support a claim of liability against FNMA under any of the legal theories he proposes. There is no genuine dispute of material fact as to FNMA's liability, and it is entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment in favor of FNMA is GRANTED.

**B. The Note and Deed of Trust**

An individual may not sue to enforce rights existing under a contract unless he is a party to the contract or an intended third-party beneficiary. See Owner-Operator Indep. Drivers Ass'n v. Concord EFS, 59 S.W.3d 63, 68 (Tenn. 2001). A party to a contract is an original party or an individual or entity in privity with an original party. It is undisputed for purposes of deciding this Motion that Burke is not a party to the Note or the Deed of Trust entered into by the original borrower, Tillman, and the original lender, Union Planters. (Defs.' Undisputed Facts ¶ 4.) It is also undisputed that Burke did not assume the rights and obligations under Tillman's contracts, but merely received Tillman's interest in the property by quitclaim deed. (Quitclaim Deed, ECF No. 1-2.) Burke did not step into the shoes of Tillman in her contractual relationship with the Defendants. See Johnson v. Johnson, 187 B.R. 598, 601 (E.D. Tenn. 1994) (stating that a quitclaim deed is a conveyance and the effect is only to convey whatever interest the grantor has in the property). Therefore, Burke is not in privity of contract with Regions and cannot challenge the formation of the contract or assert any rights under the contract as a party.

In Tennessee, strangers to a contract may seek to enforce its terms if they are intended third-party beneficiaries of the contract identified by the contracting parties at the time the original agreement was made. Concord EFS, 59 S.W.3d, at 68. A

merely incidental third-party beneficiary of a contract has no right to enforce its terms. Id. To maintain an action as an intended beneficiary, a third party must show "'(1) a valid contract made upon sufficient consideration between the principal parties and (2) the clear intent to have the contract operate for the benefit of a third party.'" Id. (quoting First Tennessee Bank Nat'l Ass'n v. Thoroughbred Motor Cars, Inc., 923 S.W.2d 928, 930 (Tenn. Ct. App. 1996) (internal citations omitted)). The "primary consideration in evaluating third-party beneficiary claims is the intent of the contracting parties, which must be established by clear and direct evidence," it must appear "'that the contract was made and entered into directly and primarily for the benefit of such third person.'" TIG Ins. Co. v. Titan Underwriting Managers, LLC, No. M2007-0177-COA-R3-CV, 2008 Tenn. App. LEXIS 777, at *8 (Tenn. Ct. App. Nov. 7, 2008). The Tennessee Supreme Court has elaborated that a third party is an intended third-party beneficiary if:

> (1) The parties to the contract have not otherwise agreed;
> (2) Recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties; and
> (3) The terms of the contract or the circumstances surrounding performance indicate that either:
>     (a) the performance of the promise will satisfy an obligation or discharge a duty owed by the promise to the beneficiary; or
>     (b) the promisee intends to give the beneficiary the benefit of the promised performance.

Concord EFS, 59 S.W.2d, at 70.

The Note and Deed of Trust establish on their faces that Burke was not an intended third-party beneficiary of the agreement between the original contracting parties. Not only is there no mention of Burke and no benefit assigned to him under the terms of either document, but both the Note and the Deed of Trust explicitly include due on sale clauses that prohibit Tillman from transferring all or part of her interest in the property without the express permission of the lender. It is clear from the face of the documents that neither Burke nor any other third party was intended to benefit. There is no genuine dispute of material fact about Burke's status in this contractual relationship. Burke has no standing to bring a claim, and Defendants are entitled to judgment as a matter of law on all contract-based claims raised by the Complaint.

**C. Tennessee Consumer Protection Act**

Burke's Complaint also alleges that Regions violated several requirements of the TCPA. Burke alleges that "[t]he loan agreement as advertised, as implemented, and as executed violates the [TCPA]" and that "Defendant's conduct has violated the [TCPA] and it is guilty of false and misleading practices." (Compl. ¶¶ 4,6, ECF No. 1-2.) Burke is not a consumer as defined by the TCPA with respect to Regions and cannot bring an action against it under the TCPA. It is undisputed that Burke is not a party to the loan agreement of November 10, 1998, as

memorialized in the Note and the Deed of Trust. (Defs.' Undisputed Facts, ¶¶ 1, 4.) It is undisputed that whatever interest Burke acquired in the property was acquired from Tillman by quitclaim deed on November 3, 2009, and not from Regions or its predecessor Union Planters. (Id. ¶ 12.) It is undisputed for purposes of deciding this Motion for Summary Judgment that from November 3, 2009, until May 28, 2010, Tillman, and not Burke, continued to make the monthly payments on the loan despite the conveyance to Burke by quitclaim deed. (Id. ¶¶ 13-14.) It is clear that Burke never "[sought] or acquire[d] by purchase, rent, lease, assignment, award by chance, or other disposition, any goods, services, or property, tangible or intangible, real, personal or mixed" from Regions or Union Planters. Tenn. Code Ann. § 47-18-103(2) (defining "consumer" for purposes of the act); see also Burke v. Litton Loan Servicing, No. 2:10-cv-2553, slip op. at 12-13 (W.D. Tenn. Mar. 30, 2012). There is no genuine dispute of material fact about Burke's standing under the TCPA. Regions is entitled to judgment as a matter of law on all of Burke's claims under the TCPA.

### D. Due Process

Burke also appears to allege that Regions' foreclosure of the property constituted a violation of his rights under the Due Process Clause of the Fourteenth Amendment. (See Compl. ¶¶ 3,

10

4.)[1]  A violation of the Fourteenth Amendment requires state action and cannot result from purely private action.  See, e.g., Paige v. Coyner, 614 F.3d 273, 278 (6th Cir. 2010) ("the Fourteenth Amendment prohibits only states (as opposed to private entities) from depriving individuals of due process."). A non-judicial foreclosure is a contractually-determined action that does not implicate state action.  See King v. Emery, 836 F.2d 1348, 1348 (6th Cir. 1988) (interpreting Tennessee law). Statutory recognition of a non-judicial foreclosure procedure is insufficient to convert enforcement of a private contract remedy into state action.  Id. ("This recognition of private nonjudicial foreclosures falls short of the compulsion required to establish state action.").  To the extent Burke seeks to bring a due process claim under the Tennessee Constitution, the analysis is the same.  See State v. James, 315 S.W.3d 440, 448 n.4 (Tenn. 2010) (the law of the land clause of Article I § 8 of the Tennessee Constitution is interpreted identically to the due process clause of the Fourteenth Amendment of the United States Constitution).  Regions is entitled to judgment as a matter of law on all of Burke's claims alleging a violation of his due process rights.

**V.   Conclusion**

---

[1] Burke's Complaint contains two paragraphs labeled "4" and no paragraph labeled "5."  This citation refers to the second paragraph 4.

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED.

So ordered this 15th day of January, 2013.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE